IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 29 2000

[signature]
CLERK

JENNIFER SMITH, individually and
for and on behalf of BOBBY EARL SMITH,
deceased,

    Plaintiff,

v.

EL PASO NATURAL GAS COMPANY,
a Delaware corporation,

    Defendant.

No. CIV **CIV 00 1251**

Karen B. Molzen

## ORIGINAL COMPLAINT FOR PERSONAL INJURIES AND WRONGFUL DEATH

COME NOW the Plaintiffs in the above-entitled and numbered cause, by and through her attorneys of record, The Branch Law Firm (Turner W. Branch, Esq.) and Baker, Brown & Dixon (John Baker, Esq.), and for and on behalf of Jennifer Smith, individually and on behalf of the Estate of Bobby Earl Smith, hereinafter referred to as "Bobby Smith" and states:

### Parties, Venue and Jurisdiction

1.    The Plaintiff, Jennifer Smith, brings this cause of action under the New Mexico Wrongful Death Statute, Section 41-3-1, et seq., N.M.S.A.1978, and requests appointment as Personal Representative for and on behalf of the Estate of her deceased husband, Bobby Earl Smith, by a court of appropriate jurisdiction.

2. The Plaintiff, Jennifer Smith, is a person over the age of 18 years, having reached her age of majority, and, at all times material hereto, was a resident of the City of Carlsbad, County of Eddy, State of New Mexico.

3. That, at all times material hereto, the Plaintiff, Jennifer Smith, and Bobby Smith were husband and wife prior to and at the time of his demise on August 21, 2000.

4. Further, Plaintiff avers that it is her understanding and belief that a son, Russell Smith, was born of a previous marriage of Bobby Earl Smith, and may be a beneficiary and entitled to proceeds of any settlement or verdict or resolution in under the New Mexico Wrongful Death Act.

5. That the El Paso Natural Gas Company is a Delaware Corporation authorized to operate as a foreign corporation in the State of New Mexico, having its principal place of business in El Paso, El Paso County, Texas, and having for purposes of service of process in New Mexico its Registered Agent, to-wit: CT Corporation, 123 East Marcy Street, Santa Fe, New Mexico, 87501.

6. There appears to be diversity of citizenship pursuant to 28 USC §1432 in that all parties defendant are adverse to all parties plaintiff as to domicile and residence, and that the amount in controversy exceeds $75,000 exclusive of interest and costs, and that venue and jurisdiction lie in the United States District Court for the District of New Mexico.

## Factual Allegations

7. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 6 above as though fully set forth herein.

8. The Defendant, El Paso Natural Gas Company, hereinafter referred to as "El Paso" is a Delaware Corporation authorized to do business in the State of New Mexico and elsewhere.

9. Defendant, El Paso, is in the business of gas production and transmission, and has as one of its functions the transmission of natural gas through pipelines it owns and operates throughout the United States.

10. At all times material hereto, in a specific gas line located in Eddy County, New Mexico, which is the subject matter of this litigation, natural gas was transmitted through a pipeline owned and operated by El Paso.

11. That on or about Saturday, August 12, 2000, the deceased Plaintiff, Bobby Smith, with others, to-wit: Royle Heady, Amy Smith Heady, Kelsey Heady, Timber Lee Heady, Tamber Marie Heady, Terry Smith, Dustin Smith, Kirsten Sumler, Jesse Don Sumler and Glenda Sumler, while picnicking, fishing and recreating in a lawful manner in an area adjacent to the El Paso pipeline transmitting natural gas to Eddy County, New Mexico, did become the victim of being exposed to and entangled in an unexpected natural gas explosion and fire caused by the act and omissions of El Paso, pled with more particularity hereinafter.

12. That Bobby Smith, as a result of the exposure to the natural gas fire and explosion directly caused by natural gas being transmitted by El Paso in their pipeline in interstate commerce, and through their negligent acts and omissions, became severely burned, injured, maimed and disabled, and, as a result thereof, suffered indescribable pain and anguish in excess of 24 hours after his exposure to said fire and explosion, and finally died on Monday, August 21, 2000, while treatment was being administered at University Medical Center in Lubbock, Texas.

## Count I - Negligence

13. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 12 above as though fully set forth herein.

14. That as a result of the negligent acts and omissions of El Paso pled hereinafter, the personal injuries, pain, anguish and indescribable suffering incurred by Bobby Smith while he remained alive and his eventual death, were proximately caused by the following acts and omissions, contributions and causes of El Paso:

    a. El Paso failed to properly comply with State and Federal rules, regulations, opinions, and orders while operating an interstate gas transmission line at or

near the intersection of the Delaware and Pecos Rivers in Eddy County, near Carlsbad, New Mexico.

b.  El Paso was negligent in failing to properly inspect, maintain, and operate their interstate gas transmission line at all times material hereto, which resulted in the above-referenced and hereinafter described explosion and fire, causing the injuries and death to Bobby Smith and others.

## Count II – Negligence Per Se

15.  Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 14 above as though fully set forth herein.

16.  That there were in existence at that time, both State and Federal rules, regulations, statutes, ordinances, orders and promulgated rules and regulations controlling and administering the safe and proper method in which to operate, maintain, control and inspect natural gas transmission pipeline so as to protect people situated in a class such as Bobby Smith and others, and to protect them from harm, and said violation of statutes affecting such people in a class or category of individuals as Bobby Smith and others constitutes negligence per se as that term is legally defined, and results in the sole responsibility of the Defendant El Paso, and the violation of these rules, regulations, statutes, ordinances and orders resulted in the personal injuries, pain, anguish and indescribable suffering incurred by Bobby Smith while he remained alive and his eventual death

## Count III - *Res Ipsa Loquitur*

17.  Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 16 above as though fully set forth herein.

4

18. That the gas transmission pipeline was in the exclusive control of El Paso, their agents, employees and representatives, and was outside the control of Bobby Smith and others situated such as Bobby Smith, and all acts and omissions contributing to Bobby Smith's injuries, indescribable pain, suffering and ultimate death were caused solely by the negligent acts and omissions of El Paso.

19. Thus, the doctrine of *res ipsa loquitur* is applicable as a theory of negligence, causation and damages in this case and appropriately pled herein.

## Count IV – Strict Liability

20. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 19 above as though fully set forth herein.

21. That the transmission of natural gas in a pipeline such as the one involved on this date and occasion is an ultra-hazardous activity and undertaking, causing the operator, owner and maintainer to exercise the highest degree of care, and owing the highest degree of safety, welfare and care to persons who are or are known to be in the vicinity or area in which such operation takes place.

22. That the failure of El Paso to provide safety from such an ultra-hazardous activity results in the owner, operator and proprietor, its employees, agents and representatives to be strictly liable to ones such as Bobby Smith and others being injured or losing their lives because of such a negligent operation and lack of safety and welfare for individuals such as Bobby Smith and others.

## Count V – Loss of Consortium

23. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 22 above as though fully set forth herein.

24.  As a direct and proximate result of the above causes of action of the Defendant, Plaintiff has suffered a loss of consortium and will continue to suffer a loss of consortium as that term is legally defined, all in an amount not presently determinable, but to be proven at the time of trial. This loss of consortium includes conjugal fellowship of husband and wife, the right to the company of the other, society, cooperation, affection, guidance and companionship.

## Count VI – Damages / Punitive Damages

25.  Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 24 above as though fully set forth herein.

26.  That as a result and contributing cause and proximate cause of the aforesaid acts and omissions, negligence, negligence per se, *res ipsa loquitur*, strict liability, and loss of consortium, the Defendant El Paso, its agents, representatives and employees are liable to the plaintiff for both the injuries and death caused to Bobby Smith and others so situated; for pain and suffering from time of injury to the time of death; for loss of enjoyment of life; for severe and indescribable pain, anguish and mental suffering from the time of injury to the time of death; for loss of income, past, present and future; for medical expenses, up to the time of his demise; loss of household services; for funeral expenses; for punitive damages against the Defendant El Paso, their agents, employees and representatives, and for their willful, wanton, and careless conduct and utter disregard and utter indifference in this matter.

27.  Such conduct aforesaid is willful, wanton, careless, with utter disregard and culpable intent which is ratified, approved, and acquiesced to at all times by El Paso, their employees, agents and representatives, and makes them liable for an award of punitive damages as so determined by a jury.

6

## Conclusion

WHEREFORE, premises considered, Plaintiff prays for damages under New Mexico law, for those damages allowable for personal injury and wrongful death as pled in Paragraphs 24 above, and for an award of punitive damages to deter and punish the Defendant in the future; for costs and attorney fees as provided by law; and for such other and further relied as the Court may deem just and proper.

## Jury Demand

Plaintiff requests a trial by jury of all issues brought in this cause of action.

DATED this 29 day of August, 2000.

Respectfully submitted,

BRANCH LAW FIRM

for Turner W. Branch, Esq.
New Mexico Bar No. 295
Margaret Moses Branch, Esq.
New Mexico Bar No. 1879
2025 Rio Grande Boulevard, NW
Albuquerque, New Mexico 87104
(505) 243-3500
(505) 243-3534 - fax

and

BAKER, BROWN & DIXON
John Baker, Esq.
100 Congress Avenue
Suite 1001
Austin, Texas 78701
(512) 703-2322

7